UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUDELANIA FRIAS, | |
| Plaintiff, | OPINION |
| v. | Civ. No. 11-2816 (WHW) |
| MRS ASSOCIATES, INC., | |
| Defendant. | |

**<u>Walls, Senior District Judge</u>**

Plaintiff Rudelania Frias has filed a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, against Defendant MRS Associates ("MRS"). MRS now moves to dismiss Frias's complaint under Federal Rule of Civil Procedure 12(b)(6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motions are decided without oral argument. MRS's Motion to Dismiss is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of a debt collection letter MRS sent to Frias on April 8, 2011. Compl. ¶ 6. Frias's debt was originally property of Bank of America. <u>Id.</u> ¶ 8. Frias alleges that this debt "has been assigned or sold to MRS Associates for collection." <u>Id.</u> MRS counters that it is "the third-party collector of a debt" on behalf of Bank of America. Dec. of Jeffrey Freeman ¶ 2. MRS alleges that before sending Frias the letter at issue in this case, MRS sent Frias an initial

letter on February 4, 2011.  Mot. to Dismiss at 2.  This letter stated that Bank of America had placed Frias's account with MRS "for collection," and informed Frias that she had 30 days from receiving the letter to dispute the validity of the debt.  Id.  Frias makes no mention of this letter in her complaint, and instead refers to the April 8 letter as the initial contact letter from MRS.  Compl. ¶ 8.  The April 8 letter read, in relevant part:

> RE: BANK OF AMERICA N.A.
> . . .
>
> We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation.  At this time, you are eligible for a substantial savings by taking advantage of one of the following options.  These options will be available through **Apr 29th 2011** and we are not obligated to renew these offers.
>
> OPTION 1: A substantial savings off of your current balance, in an agreed upon number of payments.  The first payment must be received in this office on or before **Apr 29th 2011**.
> OPTION 2: A greater savings off of your current balance, in **ONE PAYMENT** that must be received in this office on or before **Apr 29th 2011**.
> OPTION 3: A monthly payment plan on the full balance of the account.
>
> To take advantage of one of these options, or to discuss alternate arrangements, you MUST contact our office as soon as possible at (888) 274-9847 (toll free).  When you call, please let our representative know that you have received a BANK OF AMERICA N.A. Option Letter.
>
> If we do not hear from you, we will assume that you do not intend to resolve your obligation and we will proceed with further collection activity.
> . . .
>   This is an attempt to collect a debt and any information obtained will be used for that purpose.
>                 This communication is from a debt collection agency.

Dec. of William Michael Perkins; Ex. A.

On or about May 4, 2011, Frias filed this action in the Superior Court of New Jersey, Bergen County.  Not. of Removal ¶ 1.  Frias alleges that the April 8 letter "contained multiple misstatements that are considered deceptive to any consumer, let alone the least educated consumer."  Compl. ¶ 9.  Specifically, Frias alleges: 1) that "the letter does not reference at all how MRS Associates received [Frias's] account"; 2) that "[P]laintiff does not consent to or ratify

any assignment of the alleged debt"; 3) that "the letter offers substantial savings off the balance but no where mentions what the payment options are"; 4) that "this enticement [of substantial savings] is done illegally never giving the consumer the ability to dispute the debt"; and 5) that "the letter does not contain anywhere the required wording that a consumer has the right to dispute the debt within thirty days of receipt of the letter." Id. ¶ 10-14.  Frias seeks damages totaling $3,000, which includes actual damages, statutory damages of up to $1,000 per violation of the FDCPA, costs and attorneys' fees.  Id. at 10.

MRS removed the case to federal court pursuant to 28 U.S.C. §§ 1331 and 1441 on the basis of federal question jurisdiction.  Not. of Removal.  On July 20, 2011, MRS filed the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) presently before this Court.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 546 (2007) (citations omitted). Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In considering the plaintiff's claims, the court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint. See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (2d ed. 1990). "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

**DISCUSSION**

Congress enacted the FDCPA to eliminate abusive, deceptive, and unfair debt collection practices, in part by ensuring that debt collectors provide consumers with timely and adequate notice of their legal rights. Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 298 (3d Cir. 2008); Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000). 15 U.S.C. § 1692g(a) requires that the debt collector provide written notice of the following to the debtor within five days of its initial communication:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;

>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

To fulfill the notice requirements of this section, the debt collector must not only state the debtor's rights but must also do so in an effective manner. Granzino v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). The court must assess the effectiveness of these statements from the perspective of the "least sophisticated debtor." Wilson, 225 F.3d at 354 (quoting Granzino, 950 F.2d at 111).

### I. MRS's alleged failure to disclose its relationship to the debt

Frias's complaint states that MRS's April 8 letter "does not explain how the defendant acquired this debt, or if they own it at all." Compl. at 5. Frias alleges that if MRS does not own the debt, then the April 8 letter does not contain any "proof or claim of assignment by the original creditor [Bank of America]." Id. As a result, Frias alleges that the least sophisticated consumer would be "completely confused and deceived by this letter." Id.

Although Frias's complaint is not divided into clear counts, Frias asserts violations as to MRS's alleged failure to disclose its relationship to the debt under both 15 U.S.C. §§ 1692g(a) and j(a). § 1692g(a) does not require a debt collector to provide information as to how it acquired the account it is attempting to collect. Rather, the debt collector must inform the consumer of "the name of the creditor to whom the debt is owed." § 1692g(a)(2). Because the FDCPA does not require the debt collector to explain how it received the account and whether it had purchased or been assigned the debt, this cannot be a basis for a violation. See Guevara v.

Client Services, Inc., 2011 WL 5082251, at *3 (D.N.J. Oct. 26, 2011) (dismissing claim that initial notice letter was misleading based only on allegations that it did not include the account number and an explanation of the debt collector's relationship to the debt); Sosa v. Client Services, Inc., 11-cv-3021, slip op. at 4-6 (D.N.J. Nov. 16, 2011) (dismissing claim that initial notice letter was misleading based on allegations that it did not include an explanation of the debt collector's relationship to the debt).

      Frias also asserts that she does not "consent to or ratify any assignment of the alleged debt [from Bank of America to MRS]." Compl. ¶ 11. The FDCPA does not require that the consumer consent to the creditor's hiring of a debt collection agency or assignment of a debt to another party. Mot. to Dismiss at 6; see generally 15 U.S.C. § 1692. Such a claim cannot be a basis for a violation.

      Frias additionally alleges a violation of 15 U.S.C. § 1692j(a) to support her argument that MRS failed to state its relationship to the debt. Compl. at 5. This section provides that:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. 15. U.S.C. § 1692j(a).

      Frias asserts that MRS's April 8 contact letter "was written to completely deceive the consumer as to who owned this debt at this time." Compl. at 5. Although Frias does not in her Complaint acknowledge receipt of the February 4, 2011 letter allegedly sent by MRS, Frias, in her opposition papers to MRS's Motion to Dismiss, asserts that language in this letter is in violation of § 1692j(a). Opp. to Mot to Dismiss at 2. Specifically, Frias asserts that the statement that "Bank of America 'has placed your account with our office for collection'" is misleading because it can be interpreted by some consumers to mean that Bank of America is the

owner of the debt and by other consumers to mean that MRS is the creditor.  Id. at 2-3.  Thus, Frias maintains that, because of this potential interpretation that MRS is now the creditor, MRS has violated 1692(j) by "falsely creating a belief in a consumer that a person other than the creditor is participating in the collection [of the debt]."  Id. at 2.  MRS asserts that Bank of America remains the creditor and that MRS is the "third-party collector" of the debt.  Decl. of Jeffrey Freedman at 1.

   The Court must determine whether the assertions in Frias's Complaint allow the Court to draw the reasonable inference that MRS's letter was designed, compiled, and furnished knowing that it would create the false belief in the least sophisticated consumer that Bank of America was participating in the collection of the debt when it actually is no longer participating.  Frias's § 1692j(a) claim fails to satisfy the pleading requirement of plausibility.  Frias fails to allege any facts in her Complaint to support her assertion that Bank of America is no longer the creditor and thus that MRS's letter created a false belief that someone other than Bank of America or MRS is participating in the collection of the debt.  Compl.  Frias, in her opposition papers to MRS's Motion to Dismiss, only asserts the possibility that either Bank of America or MRS is the current creditor of the debt.  Opp. to Mot. to Dismiss at 2-3.  In fact, Frias maintains that the debt is owed to Bank of America in its Complaint, seemingly indicating that the information in MRS's April 8 letter that Bank of America is the creditor was true.  Compl. ¶ 11.  See Ventura v. Collectcorp Corporation, 2011 WL 4625365, at *3 (D.N.J. Sept. 30, 2011) and Muralles v. Client Services, Inc., 2011 WL 3882264, at *4 (D.N.J. Sept. 2, 2011) (dismissing respective claims where complaint alleged only a possibility that one of the parties referenced in an initial contact letter was not participating in the debt collection).  The Court finds that Frias has failed to raise a plausible right to relief under § 1692j(a), and this claim is dismissed without prejudice.

II.     MRS's alleged failure to provide Frias with ability to dispute debt

Frias alleges that the letter sent to her by MRS on April 8 was the initial contact letter sent by MRS.  Compl. ¶ 6.  Frias alleges that this letter did not include the language required by 15 U.S.C. § 1692g(a)(3)-(5).  Id. at 5.  Frias's Complaint does not acknowledge the existence of the letter MRS alleges was sent to Frias on February 4.  Mot. to Dismiss at 2; see Compl.  Taking Frias's allegation that the April 8 letter is the initial contact as true, Frias has asserted a violation of § 1692g(3)-(5).  Frias's Complaint cannot be dismissed on this basis.

III.    MRS's alleged vague promises and failure to mention payment options

Frias alleges that MRS's April 8 letter offers "substantial savings off the [debt] balance but no where mentions what the payment options are." Compl. at ¶ 12.  Frias alleges that this "enticement" is illegal and "never giv[es] the consumer the ability to dispute the debt but rather just gets them to concede they own the full debt enticing the consumer with vague promises of reduced payment."  Id. ¶ 13.  The FDCPA does not prohibit settlement letters nor require specific payment options to be delineated within them.  See Campuzano-Burgos, 550 F.3d at 299 ("settlement letters . . . advise the debtor that he may settle the claim by paying a percentage of the amount owed rather than the total . . . [t]here is nothing improper about making a settlement offer" (internal quotations omitted)).  The language in such settlement letters must not be deceitful.  Id.  MRS's letter offering Frias three payment options is not illegal or deceitful.  See Dec. of William Michael Perkins, Ex. A.  The letter makes clear that Frias must call MRS's office to take advantage of one of the options presented, or to discuss alternate payment arrangements.  The determination of whether Frias actually was given the ability to dispute the debt in a February 4 letter does not affect the legality of the statements here.  The payment

options, as presented in MRS's letter, stand on their own as legal under the FDCPA, and the Court finds that Frias's claim as to these statements is dismissed.

## CONCLUSION

Defendant MRS's Motion to Dismiss is granted in part and denied in part. MRS's motion to dismiss Frias's claims under 15 U.S.C. § 1692g(a)(3)-(5) is denied. MRS's motion to dismiss is granted on Frias's remaining claims.

**s/ William H. Walls**
United States Senior District Judge